IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| Anthony Moore, | ) | |
| | ) | |
| Petitioner, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Timothy Schuetzle, Warden, | ) | |
| North Dakota State Penitentiary, | ) | Case No. 1:08-cv-72 |
| | ) | |
| Respondent. | ) | |

_____

Before the Court is petitioner Anthony Moore's (Moore) petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a person in state custody.  Rule 4 of the Rules Governing Section 2254 Proceedings requires the Court to conduct a preliminary review to determine if the petition should be dismissed because the petitioner is plainly not entitled to relief or order a response if the petition is not dismissed.  There is no question that Moore is in state custody and that this is his first habeas corpus petition filed in federal court.  The Court must also satisfy itself that Moore's petition is timely.

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), imposes a one-year statute of limitations for filing federal habeas petitions.  See 28 U.S.C. § 2244(d)(1).  The limitation period runs from the latest of:

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized

>       by the Supreme Court, if the right has been newly recognized by the
>       Supreme Court and made retroactively applicable to cases on collateral
>       review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented
>       could have been discovered through the exercise of due diligence.

28 U.S.C. §§ 2244(d)(1)(A)-(D).

Subsection (A) is applicable in this instance. The Eighth Circuit has instructed that, under Subsection (A), the statute of limitations for filing a habeas petition is triggered by either:

> (i)   the conclusion of all direct criminal appeals in the state system, followed
>       by either the completion or denial of certiorari proceedings before the
>       United States Supreme Court; or
>
> (ii)  if certiorari was not sought, then by the conclusion of all direct criminal
>       appeals in the state system followed by the expiration of the time allotted
>       for filing a petition for the writ.

Nichols v. Bowersox, 172 F.3d 1068, 1072 (8th Cir. 1999).

The Supreme Court's rules require that a petition for certiorari be filed within ninety days from the denial of discretionary review by a state court of last resort. See Sup.Ct.R. 13.1. It should be noted, however, the AEDPA contains a tolling provision which provides that "the time during which a properly filed application for State post-conviction or other collateral review ... is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Moore filed his petition on July 21, 2008. It relates to his state court conviction in case no. 09-01-K-2551. Moore was convicted by a jury of one count of gross sexual imposition on November 28, 2001. He was sentenced to twenty years imprisonment on January 17, 2002. A direct appeal was filed. Counsel was appointed. Moore later moved to dismiss his appeal in order that he might pursue a motion to correct or reduce his sentence pursuant to Rule 35 of the

2

North Dakota Rules of Criminal Procedure.  The appeal was dismissed March 19, 2002.

As it does not appear that Moore petitioned for a writ of certiorari, his one year statute of limitations for filing petition for habeas relief commenced on June 8, 2002, which by the Court's calculation is ninety days after the North Dakota Supreme Court dismissed his direct appeal.  There is nothing in record to suggest Moore filed a motion for post-conviction relief or other collateral review between June 8, 2002, and June 7, 2003.  It does seem unlikely a petition filed more than six years after a conviction became final could be timely given the one-year period of limitation.  However, Moore has been a frequent filer in the state court system[1] and the state of the record before the Court is such that a reasoned analysis of the timeliness issue cannot be made.  In order to do so the Court will need to know the dates on which his numerous appeals, motions for post-conviction relief, or other collateral review were filed and denied at both the district court and appellate court levels.  The Respondent is in the best position to complete the record so the proper initial review may be completed.  Thus, a limited response is necessary.

Accordingly, the Court **ORDERS** the following:

1. The Clerk shall serve the Respondent with a copy of Moore's petition.
2. Upon receipt of the petition, the Respondent shall within 30 days file the relevant docket sheets, court orders, opinions, and other portions of the state record that will allow the Court to make a determination as to whether or not Moore's petition is time barred along with any argument the Respondent wishes to make regarding the timeliness of Moore's petition.  Upon the Respondent's submission of this material,

---

[1] A review of the North Dakota Supreme Court's online docket system shows an appeal filed June 30, 2003. The nature of the appeal is unknown.  It is believed Moore has filed numerous motions since his conviction, some of which might have tolled the limitations period.

    Moore shall have 30 days to offer any argument or other material with respect to the issue of whether or not his petition is time barred.

3. Upon receipt of the petition the Respondent need not file an answer that complies with the requirements of Rule 5 of the Rules Governing Section 2254 cases until the Court rules on the issue of timeliness and orders a further response.

**IT IS SO ORDERED.**

Dated this 19th day of August, 2008.

                        /s/ *Patrick A. Conmy*
                        Patrick A. Conmy, Senior District Judge
                        United States District Court