**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Anthony Moore, | ) | |
| | ) | |
| Petitioner, | ) | **ORDER DISMISSING PETITION** |
| | ) | |
| vs. | ) | |
| | ) | |
| Timothy Schuetzle, Warden, | ) | |
| North Dakota State Penitentiary, | ) | Case No. 1:08-cv-72 |
| | ) | |
| Respondent. | ) | |

_____

The issue before the Court is whether Moore's petition is timely. The petition was filed on July 21, 2008. The Court, as part of its Rule 4 preliminary review, determined that Moore is in State custody and this is his first petition. The Court ordered the parties to brief the issue of timeliness. Schuetzle filed his brief on September 18, 2008. Moore filed his brief on October 20, 2008. The Court has thoroughly reviewed the file and for the reasons explained below finds the petition to be untimely.

I. **LEGAL FRAMEWORK**

A. **Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), imposes a one-year statute of limitations for filing federal habeas petitions. See 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

1

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §§ 2244(d)(1)(A)-(D).

The Eighth Circuit has instructed that, under Subsection (A), the statute of limitations for filing a habeas petition is triggered by either:

(i)     the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or

(ii)    if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ.

Nichols v. Bowersox, 172 F.3d 1068, 1072 (8th Cir. 1999).

The United States Supreme Court's rules require that a petition for certiorari be filed within ninety days from the entry of judgment or denial of discretionary review by a state court of last resort. See Sup.Ct.R. 13.1.  Nichols was partially abrogated by Riddle v. Kemna, 523 F.3d 850, 856 (8th Cir. 2008).  In Riddle the petitioner could not have sought direct review by the United States Supreme Court because he had not sought transfer from the Missouri Court of Appeals to the Missouri Supreme Court, which was the court of last resort. Id.  The United States Supreme Court would have lacked jurisdiction had the petitioner sought certiorari. Id. at 855. Consequently, the Court in Riddle held the calculation of the time for seeking 2254 review did not include a 90-day period for requesting certiorari from the Supreme Court and thus abrogated that portion of Nichols which included the 90-day period in all tolling calculations. Id. at 855.

It should be noted, however, the AEDPA contains a tolling provision which provides that "the time during which a properly filed application for State post-conviction or other collateral review ... is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). An application remains pending during the appeal period, even if no appeal is taken. Williams v. Bruton, 299 F.3d 981, 983 (8th Cir. 2002). Post-conviction relief appeals must be filed with 60 days of service of notice of entry of judgment. N.D. R. App. P. 4(d). An appeal from an order denying a motion pursuant to Rule 35 must be filed within 30 days of the entry of the order denying the motion. N.D. R. App. P. 4(b)(1)(A); Rahn v. State, 736 N.W.2d 488, 491 (N.D. 2007). The denial of a petition for a writ of habeas corpus is not appealable. Clifford v. Redmann, 719 N.W.2d 384 (N.D. 2006).

**B.       Post-Conviction or Other Collateral Review**

Moore has filed numerous motions for post-conviction relief under N.D.C.C. ch. 29-32.1 and a number of petitions for state habeas under N.D.C.C. ch. 32-22. These filings toll the one year limitations period. See 28 U.S.C. § 2244(d)(2). Moore's many Rule 35 motions are not so easily defined as applications for "post-conviction or other collateral review." Rule 35 provides as follows:

RULE 35. CORRECTING OR REDUCING A SENTENCE

**(a) Correction of Sentence.**

(1) Illegal Sentence. The sentencing court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided for reduction of sentence in Rule 35(b)(1).
(2) Clear Error. After giving any notice it considers appropriate, the sentencing court may correct a sentence that resulted from arithmetical, technical, or other clear error.

**(b) Reduction of Sentence.**

(1) Time for Reduction.  The sentencing court may reduce a sentence:
(A) within 120 days after the court imposes sentence or revokes probation; or
(B) within 120 days after the court receives the mandate issued upon affirmance of the judgment or dismissal of the appeal; or
(C) within 120 days after the Supreme Court of the United States enters any order or judgment denying review of, or having the effect of upholding a judgment of conviction or probation revocation.
(2) Motion for Reduction. On a party's motion or on its own, and with notice to the parties, the court may grant a sentence reduction.  Changing a sentence from a sentence of incarceration to a grant of probation is a permissible sentence reduction.  If the sentencing court grants a sentence reduction, it must state its reasons for the reduction in writing.

N. D. R. Crim. P. 35.

The determination whether a Rule 35 motion tolls the limitations period depends on the nature of the motion.  A Rule 35(a) motion for correction of an illegal sentence would toll the limitations period while a Rule 35(b) motion for reduction of sentence would not.  A Rule 35(a) motion attacks the legality of the sentence and thus can be categorized as a collateral attack.  A Rule 35(b) motion is simply a plea for leniency and cannot be considered an attack on the propriety of the conviction or sentence itself. See Alexander v. Sec'y Dept. Of Corrs., 523 F.3d 1291, 1297 (11th Cir. 2008)(a plea for leniency is not an attack of the legality or constitutionality of a sentence which tolls the statute of limitations); Hartmann v. Carrol, 492 F.3d 478 483-84 (7th Cir. 2007)(Rule 35(b) plea for leniency does not toll the statute of limitations); Wright v. North Dakota, No. 3:06-cv-46, 2007 U.S. Dist. Westlaw 201118, at *3 (D.N.D. Jan. 23, 2007)(motion for sentence reduction does not toll the statute of limitations).

## II.    DISCUSSION

From time to time the Court encounters hobby litigants who clog the system with frivolous pleadings.  Moore has redefined that term.  In his brief, Schuetzle aptly described the

situation as follows:

> Moore created an incredibly difficult record in the state courts.  There are over
> 730 docket entries in his criminal trial record, six post-conviction applications, at
> least 10 appeals to the North Dakota Supreme Court along with other
> miscellaneous filings, two state habeas applications in the Burleigh County
> District Court, and three state habeas applications in the North Dakota Supreme
> Court.  The trial court described the status of the criminal file in October of 2002
> as follows: "[T]his file has been so utterly confused by the defendant's
> improvident motions and claims that the Court is wholly unable to define what it
> is exactly that the defendant seeks and why discovery ought to be compelled
> consistent with any cogent theory.  There simply has been no cognizable theory or
> claim presented upon which the Court could grant any of the claimed relief."

Moore's seemingly countless filings have made divining the timeliness of his petition a most

difficult task.

### A.   Rule 35 and Miscellaneous Motions

On August 21, 2001, Moore was charged with two class A felony counts of gross sexual

imposition.  Each count involved a different victim. (Ex. 2).  Prior to trial, the trial court granted

the State's motion to dismiss count two without prejudice. (Ex. 3).  On November 28, 2001, a

Cass County District Court jury found Moore guilty of the first count of gross sexual imposition.

Moore filed various post-trial/pre-criminal judgment and sentence motions with the trial court

between November 29, 2001, and December 17, 2001.  The trial court denied his motions on

December 31, 2001. (Ex. 4).  Moore filed additional post-trial/pre-criminal judgment and

sentence motions between December 28, 2001, and January 2, 2002.  The trial court denied these

motions on January 23, 2002. (Ex. 5).  On January 17, 2002, Moore was sentenced to twenty

years imprisonment. (Ex. 6).

Moore filed a notice of appeal prior to being sentenced. (Ex. 1).  Moore, acting pro se,

moved the trial court to dismiss his appeal on January 25, 2002, citing his decision to instead

5

move for a reduction in sentence pursuant to Rule 35 of the North Dakota Rules of Criminal Procedure. (Ex. 7).  The trial court denied his motion because it did not have jurisdiction over the appeal. (Ex. 8).  Moore then filed, with the assistance of counsel, a motion to dismiss his appeal with the North Dakota Supreme Court. (Ex. 9).  The North Dakota Supreme Court dismissed his appeal on March 19, 2002. (Ex. 10).

On April 26, 2002, Moore moved for, and was denied, a reduction in sentence. (Ex. 11A).  On May 6, 2002, Moore moved for a transfer to a prison in Washington and repeated his request to reduce his sentence. (Ex. 11B).  On May 10, 2002, renewed both his motion for reduction in sentence and request for a transfer. (Ex. 11C).  These motions were denied on May 10, 2002. (Ex. 11C).  All of these motions were filed pro se. (Exs. 11A, 11B, 11C).  On July 11, 2002, Moore, through counsel, moved to reduce his sentence under Rule 35, N.D.R.Crim.P. (Ex. 12).  On July 19, 2002, the trial court denied his motion. (Ex. 12).  There was no appeal.  None of these motions could be considered an application for post-conviction or other collateral relief.

In September of 2002, Moore filed the following motions: (1) Request for Correspondence from the Registry, (Ex. 14); (2) Motion for Dismissal of Count 2 for Want of a Speedy Trial, (Ex. 15); (3) Motion to Dismiss Count 2 with Prejudice, (Ex. 16); (4) Motion for Removal and Destroyal (sic) of Documents from the Register, (Ex. 17); (5) Motion for Letters and Motions Not to be Used in Court Proceedings, (Ex. 18); and (6) Motion for Prospective Jury List. (Ex. 19).  None of these motions could be considered an application for post-conviction or other collateral relief as they amounted to discovery requests or did not relate to the count of conviction.

Moore filed more motions with the trial court between September and October of 2002,

6

most of which duplicated his previous motions: (1) Motion for Results of Examination be Placed in the Register, (Ex. 20); (2) Motion for Clerk to File Results of Examination and Requesting Confirmation, (Ex. 21); (3) Motion for Production of Transcripts, (Ex. 22); (4) Motion for Removal and Destroyal (sic) of Documents from the Register, (Ex. 23); (5) Motion for Prospective Jury List, (Ex. 24); (6) Memorandum, (Ex. 25); (7) Motion to Dismiss Count 2 With Prejudice, (Ex. 26); (8) Motion for Prosecutor to Produce Prospective Jury List, (Ex. 27); (9) Motion for DNA Test Results to be placed in Register and for Prospective Jury List. (Ex. 28). The trial court denied those motions on October 21, 2002. (Ex. 29). Moore filed multiple notices of appeal from the denial of these motions. (Ex. 1 at docket entries 409-434). The first was filed on October 28, 2002. (Ex. 1 at docket entry 409). On June 3, 2003, the North Dakota Supreme Court dismissed his appeal citing lack of appealability. State v. Moore, 662 N.W.2d 263, cert. denied, 540 U.S. 906 (2003). Again, none of these motions could be considered an application for post-conviction or other collateral relief as they essentially attempts at discovery.

On February 25, 2003, Moore filed a series of memoranda in which he denied responsibility for his crime and alleged irregularities in the transcript and that his counsel was not effective. (Ex. 31). On March 17, 2003, he submitted a, Sworn Affidavit of Not Taking or Accepting Responsibility for Convicted Offense. (Ex. 32). These documents were submitted to the trial court while his appeal of the trial court's October 21, 2002, order was pending before the North Dakota Supreme Court. These documents were not connected to any motion or post-conviction application or habeas petition. It does not appear the documents were treated as motions.

On June 10, 2003, Moore filed a "Rule 35 sentence reduction motion (B)." (Ex. 33). He

alleged the judgment was illegal and asked that his sentence be reduced to seven years with credit for time served. (Ex. 33). The trial court denied the motion on June 11, 2003. (Ex. 33). A motion to reconsider was filed on June 19, 2003, and denied on June 20, 2003. (Ex. 34). Moore did not appeal. Moore's time to appeal the initial motion expired on July 11, 2003. The time to appeal the motion for consideration expired on July 20, 2003. Challenging the judgment or sentence as illegal is essentially a Rule 35(a) motion which would toll the limitations period.

On June 17, 2003, Moore submitted an in forma pauperis application and requested a court-appointed attorney and a transcript in anticipation of filing an application for post-conviction relief. (Ex. 35). The trial court denied his request the same day. (Ex. 35). Moore appealed. (Ex. 36). His appeal was dismissed on July 2, 2003. (Ex. 37). This motion cannot be considered a properly filed application for post-conviction or other collateral relief. See Jackson v. Ault, 452 F.3d 734, 736 (8th Cir. 2006).

On July 1, 2003, Moore filed a motion "to be charged with the correct information/offense on count 2." (Ex. 38 A). Count two was dismissed before trial. The motion was denied the same day it was filed. (Ex. 38A). Moore appealed on July 8, 2003. (Ex.38 C). He also petitioned for a writ of mandamus. (Ex. 38D). His appeal and petition for writ of mandamus were dismissed on July 23, 2003. (Ex. 38E). On July 10, 2003, Moore filed a motion to "strike surplusage from the information on count 2." (Ex. 38B). The motion was denied on July 21 , 2003. (Ex. 38B). These motions cannot be considered an application for post-conviction or other collateral relief as it did not directly relate to Moore's conviction.

On June 6, 2004, Moore brought another Rule 35 motion for reduction of sentence to seven years. (Ex. 39A). His motion was denied on June 14, 2004. (Ex. 39A). He sought

8

reconsideration on June 24, 2004, and the request was denied the same day. (Ex. 39B).  A Rule 35(b) request for sentence reduction does not toll the limitations period.

On July 9, 2004, Moore brought another Rule 35 motion to correct an illegal sentence on the ground he should not have been sentenced as a special dangerous offender. (Ex. 40A).  The trial court denied his motion on July 15, 2004.  Moore asked for reconsideration on August 2, 2004. (Ex. 40C).  The request was denied on August 2, 2004. (Ex. 40C)  Moore filed notice of appeal on July 27, 2004. (Ex. 40D).  On August 23, 2004, Moore filed a motion to correct a clerical mistake pursuant to N.D. R. Crim P. 36. (Ex. 41A).  The motion was denied the same day. (Ex. 41A).  Moore filed an additional notice of appeal contesting denial of a motion to correct a clerical mistake. (Ex. 41B).  On November 24, 2004, the North Dakota Supreme Court dismissed Moore's appeal.(Ex. 42).  The inclusion of the 90 day period for seeking a writ of certiorari from the United States Supreme Court would make the motion final as of February 24, 2005.  This motion amounts to a Rule 35(a) motion as it attacks the legality of the sentence and would toll the limitations period.

On March 30, 2005, Moore filed yet another Rule 35(a) motion to correct an illegal sentence. (Ex. 43A).  The  motion was denied the same day. (Ex. 43A).  On April 7, 2005, Moore requested reconsideration and filed notice of appeal. (Exs. 43B, 43C).  The trial court denied his motion for reconsideration on April 13, 2005. (Ex. 43B).  The North Dakota Supreme Court rejected the appeal on September 27, 2005. State v. Moore, 704 N.W.2d 573 (N.D. 2005). The inclusion of the 90 day period for seeking a writ of certiorari from the United States Supreme Court would make the motion final as of December 26, 2005.  This motion would toll the limitations period.

On October 5, 2005, Moore submitted a motion to dismiss his conviction. (Ex. 44).  He did not specify what Rule or other authority he was proceeding under.  He argued that he should have been convicted of a class B felony instead of a class A felony and his sentence should be modified from a 20-year sentence to a 10-year sentence. (Ex. 44).  The trial court denied his motion on October 6, 2005. (Ex. 44).  No appeal was taken.  What Moore was seeking was sentence reduction and as such the Court will treat the motion as a non-tolling Rule 35(b) motion for reduction of sentence.

On April 26, 2006, Moore submitted a motion for a copy of DNA testing. (Ex. 45A).  On April 27, 2006, the trial court denied his motion. (Ex. 45B).  On April 24, 2007, Moore submitted another motion for an order directing the state's attorney to provide Moore with a copy of a laboratory report of his DNA profile genotype. (Ex. 46A).  The trial court denied the motion. (Ex. 46B).  Moore submitted a letter motion on May 7, 2007, asking for DNA records. (Ex. 47A).  The trial court denied the request on May 10, 2007. (Ex. 47B).  These filings amounted to discovery requests and cannot be considered an application for post-conviction or other collateral relief.

**B.    N.D.C.C. ch. 29-32.1 Post-Conviction Proceedings**.

All six of Moore's motions for post-conviction relief tolled the limitations period while they were pending.

Moore filed his first application for post-conviction relief on December 13, 2001, after the guilty verdict, but before he was sentenced. (Ex. 48A).  Moore's application was dismissed at his request on December 28, 2001. (Ex. 48B).  The inclusion of the 90 day period for seeking a writ of certiorari from the United States Supreme Court would make the motion final as of

March 28, 2002.

Moore brought a second application for post-conviction relief on December 27, 2001. (Ex. 49A).  The application was dismissed on January 17, 2002. (Ex. 49B).  Moore appealed. His appeal was dismissed on January 28, 2002. (Ex. 49C).  The inclusion of the 90 day period for seeking a writ of certiorari from the United States Supreme Court would make the motion final as of April 28, 2002.

On April 4, 2005, Moore brought a third application for post-conviction relief. (Ex. 50A). Moore claimed ineffective assistance of counsel. (Ex. 50B).  After a hearing, the trial court denied Moore's post-conviction application on September 19, 2005. (Ex. 50C).  Moore appealed. The trial court's decision was summarily affirmed on January 31, 2006. Moore v. State, 711 N.W.2d 606 (N.D. 2006).  The inclusion of the 90 day period for seeking a writ of certiorari from the United Sates Supreme Court would make the application final on May 1, 2006.

On September 20, 2005, Moore filed his fourth application for post-conviction relief. (Ex. 51A).  The court denied his motion on December 2, 2005. (Ex. 51E).  The trial court served Moore with a notice of entry of judgment on December 2, 2005. (Ex. 51F).  Moore did not appeal.  The time for appeal expired on January 31, 2006.

On September 6, 2007, Moore filed his fifth application for post-conviction relief. (Ex. 52A).  The court denied his application March 19, 2008. (Ex. 52D).  Moore appealed, but on April 1, 2008, while his appeal was pending, he filed a sixth application for post-conviction relief.  The case was remanded back to the trial court because of the new post-conviction application. (Ex. 52E).

Moore's sixth application included a DNA claim and an ineffective assistance of

post-conviction counsel claim. (Ex. 53A).  The trial court denied Moore's DNA claim but allowed his claim of ineffective assistance of post-conviction counsel to go forward. (Ex. 53B). The ineffective assistance of post-conviction counsel claim is pending. (Ex. 53A).

C.      State Habeas Cases N.D.C.C. Ch. 32-22

All five of Moore's state habeas corpus petitions tolled the limitations period while they were pending.

Moore filed his first chapter 32-22 petition on February 25, 2004, in the Burleigh County District Court. (Exs. 54A, 54B).  Moore presented a sufficiency of the evidence argument.  The state district court denied Moore's application on March 18, 2004. (Ex. 54C).  The inclusion of the 90 day period for seeking a writ of certiorari from the United States Supreme Court would make the motion final as of June 16, 2004.

Moore petitioned the North Dakota Supreme Court for chapter 32-22 relief on April 5, 2004. Moore v. Schuetzle, Sup. Ct. No. 20040092. (Ex. Z-j).  His application was denied on April 7, 2004. (Ex. Z-k).  Moore petitioned the United States Supreme Court for a writ of certiorari.  The petition for writ of certiorari was denied on June 1, 2004. Moore v. Schuetzle, 541 U.S. 1079 (2004).

On May 6, 2008, Moore filed his third application for chapter 32-22 relief in the Burleigh County District Court . (Ex. F).  The trial court dismissed his application on June 18, 2008. (Ex. E).  The inclusion of the 90 day period for seeking a writ of certiorari from the United States Supreme Court would make the motion final as of September 16, 2008.

On July 1, 2008, Moore filed his fourth application for chapter 32-22 relief with the North Dakota Supreme Court. Moore v. Schuetzle, Sup. Ct. No. 20080160. (Ex. G)  On July 9,

2008, the court denied his application. (Ex. G).  The inclusion of the 90 day period for seeking a writ of certiorari from the United States Supreme Court would make the motion final as of October 7, 2008.

Moore filed his fifth application with the North Dakota Supreme Court on July 15, 2008. Moore v. Schuetzle, Sup. Ct. No. 20080171. (Ex. Z-p).  The court denied his application on July 16, 2008. (Ex. Z-p).  Moore filed a petition for rehearing and a petition to grant appropriate relief, which were denied July 23, 2008. (Ex. 55).  The inclusion of the 90 day period for seeking a writ of certiorari from the United States Supreme Court would make the motion final as of October 21, 2008.

>       **D.      State Petition for Certiorari**

On November 29, 2005, Moore filed a petition with the North Dakota Supreme Court for certiorari under N.D.C.C. ch. 32-33. Moore v. Cass County District Court, Sup. Ct. No. 20050407. (Ex. Z-n).  The court denied his petition on December 21, 2005. (Ex. Z-o).

The use of Chapter 32-33 is proper where a court has exceeded its jurisdiction and no other adequate remedy is available and it appears a miscarriage of justice will occur if the writ is not granted. N.D.C.C. § 32-33-01.  Moore did not attack the jurisdiction of the trial court in his petition but rather claimed faulty jury instructions were given at trial.  Moore had numerous other avenues to make this argument including direct appeal, a Rule 35 motion, a State habeas corpus petition, and an application for post-conviction relief.  Moore does not argue and this Court could  not find any caselaw suggesting this was a proper avenue for a collateral attack. Not every filing attacking a judgment amounts to an application for collateral review. Rodriguez v. Spencer, 412 F.3d 29, 36 (1st Cir. 2005).  In order to be properly filed as required by AEDPA

an application must meet all the state's procedural requirements. <u>Beery v. Ault</u>, 312 F.3d 948, 950 (8th Cir. 2002).  Moore's use of chapter 32-33 was improper.  This Court concludes this filing did not toll the limitations period.[1]

   **E.**  **Calculation of Limitations Period**

   A review of the state court docket sheet conjures thoughts of the Gordian Knot and a temptation toward Alexander's bold solution.  Convention prevails.

   Moore was convicted by a jury of one count of gross sexual imposition on November 28, 2001.  He was sentenced to twenty years imprisonment on January 17, 2002.  A direct appeal was filed.  Counsel was appointed.  Moore then moved to dismiss his appeal in order that he might pursue a motion to correct or reduce his sentence pursuant to N.D. R. Crim P. 35.  The appeal was dismissed March 19, 2002.

   Moore did not petition the United States Supreme Court for certiorari.  The last day for doing so was June 17, 2002.  Since he voluntarily dismissed his own direct appeal there would have been little basis for such review.  Schuetzle argues the Supreme Court would have lacked jurisdiction because there was no judgment by a state court of last resort to review. <u>See</u> Sup.Ct.R. 13.1; <u>Riddle</u>, 523 F.3d at 855.  This is a logical application/extension of <u>Riddle</u>.  However, <u>Riddle</u> was decided in 2008.  Moore was sentenced in 2002.  Even were the Court to apply <u>Riddle</u> as Schuetzle argues, Moore would have a good argument for equitable tolling as to the 90 day window for seeking certiorari.  It would seem unfair to require Moore to be able to predict the future rulings of the Eighth Circuit.  The Court will include the 90 day period in

---

[1]The Court notes that even were this period of time considered tolling it would not affect the outcome of the timeliness determination.

calculating when the limitation period began to run.  Thus, the one year period of limitation began to run on June 18, 2002, the day after the last day upon which he could have sought certiorari from the Supreme Court.

Nearly six years expired between June 18, 2002, when the statute of limitations began to run and July 21, 2008, when Moore's federal habeas corpus petition was filed.  The Court finds the one year statute of limitations was tolled during eleven separate time periods as set forth below.  Where applicable, the Court has included the time for filing an appeal.  The explanation as to what motions tolled the limitations period can be found in section II(A-D) above.  Moore's firs two motions for post-conviction relief were final prior to July 18, 2002, when the limitations period began to run.

1.      June 10, 2003--July 20, 2003.  This was a Rule 35 motion.

2.      February 25, 2004--June 16, 2004.  This was a State habeas corpus petition.

3.      April 5, 2004–June 1, 2004.  This was a State habeas corpus petition.

4.      July 9, 2004--February 24, 2005.  This was a Rule 35 motion.

5.      March 30, 2005--December 26, 2005.  This was a Rule 35 motion.

6.      April 4, 2005--May 1, 2006.  This was a motion for post-conviction relief.

7.      September 20, 2005–January 31, 2006.  This was a motion for post-conviction relief.

8.      September 6, 2007--present.  Two post-conviction relief applications.  The matter is still pending.

9.      May 6, 2008–September 16, 2008.  This was a State habeas corpus petition.

10.     July 1, 2008–October 7, 2008.  This was a State habeas corpus petition.

11.     July 15, 2008-October 21, 2008.  This was a State habeas corpus petition.

The Court has given Moore every benefit of the doubt whenever the record leaves any question as to the date any action occurred.  Several large gaps exist in this chronology when Moore had nothing pending including from July 18, 2002, through June 9, 2003, and from July 21, 2003, through February 24, 2004.  In addition, nothing was pending between February 1, 2006, and September 5, 2007.  These three time periods account for approximately thirty-six months during which the limitations period was not tolled.  The limitations period is one year. The petition is untimely.

**F.     28 U.S.C. § 2244(d)(1)(C)**

Moore's petition contains thirteen separate claims for habeas relief: (1) deprivation of due process and equal protection through falsification of DNA records; (2) miscarriage of justice and actual innocence because the DNA records are inconclusive; (3) deprivation of due process because the State of North Dakota did not apply statute changes under N.D.C.C. §§ 12.1-20-03 and 12.1-32-15 to cure the insufficiency of the evidence; (4) he is actually innocent and should not be subject to lifetime sex offender registration; (5) insufficiency of the evidence; (6) he was denied due process because of inaccurate jury instructions; (7) ineffective assistance of counsel in his direct appeal; (8) he was denied due process and equal protection because the sentencing transcript was falsified; (9) he did not receive a full and fair evidentiary hearing in federal court; (10) if his conviction is vacated, he will not sue the State of North Dakota and only requests a one-way bus ticket to Seattle, Washington; (11) he will not get a fair ruling on his habeas application; (12) the impediments to filing his petition were removed on April 3, 2007, May 1, 2007, and December 26, 2007, and he could not file when the old laws were in effect; and (13)

16

he wants this Court to automatically apply Section 2244(d)(1)(C).

In his thirteenth ground for relief Moore asks the Court to automatically apply 28 U.S.C. § 2244(d)(1)(C) to his claims because, "[he] does not wish to miss any opportunities" and "wishes to make wise use of 28 U.S.C. 2244(d)(1)(C)."  Under Section 2244(d)(1)(C), the one-year limitation period of Section 2244(d)(1) begins on the date on which the constitutional right asserted was initially recognized by the Supreme Court (1) if the right has been newly recognized by the Supreme Court and (2) made retroactively applicable to cases on collateral review. See Tyler v. Cain, 533 U.S. 656 (2001).

Moore has not addressed this argument in his brief and thus has failed to draw the Court's attention to what newly recognized right he relies upon.  It does not appear to the Court that any of Moore's claims are based on a newly announced principle of federal constitutional law.  Nor does it appear that any recently announced principles of federal constitutional law with retroactive application would apply to Moore's case.

### G. 28 U.S.C. § 2244(d)(1)(B) and 28 U.S.C. § 2244(d)(1)(D)

Moore argues the application of 28 U.S.C. § 2244(d)(1)(B) and 28 U.S.C. § 2244(d)(1)(D) require the limitations period be calculated from a much later date than July 18, 2002.  Section 2244(d)(1)(B) relates to an impediment to filing created by state action while section 2244(d)(1)(D) relates to when the factual predicate could have been discovered.

#### 1. Changes in State Law

Moore seems to argue that recent legislative changes to N.D.C.C. § 12.1-32-15, relating to sex offender registration, and to N.D.C.C. § 12.1-32-20, the gross sexual imposition statute, entitled him to post-conviction relief.  He claims these changes in state law trigger the limitations

period as of the date of their enactment. 28 U.S.C. § 2244(d)(1)(B).

### a.      N.D.C.C. § 12.1-32-15

The sentencing judge ordered Moore to register as a sex offender for the remainder of his life.  Sentencing took place January 17, 2002. (Ex. 56).  The 2001 version of N.D.C.C. § 12.1-32-15(8)(b)(2) required lifetime registration for anyone convicted of violating N.D.C.C. § 12.1-20-03.  Moore was convicted of violating N.D.C.C. 12.1-20-03. (Ex. 56).

The 2007 Legislative Assembly did amend N.D.C.C. § 12.1-32-15. See 2007 N.D. Sess. Laws, ch. 136 (Senate Bill No. 2259).  The changes were effective August 1, 2007.  For the most part the changes relate to juvenile convictions and convictions in other jurisdictions.  The changes do not affect Moore.  Persons convicted of what amounts to forcible rape are still required to register for life. N.D.C.C. § 12.1-32-15(8)(c)(2) (2007).

There has been no change in State law which affects Moore.  Any claim based upon the 2002 requirement that Moore register for life as a sex offender is untimely.  Any claim base upon the 2007 change to North Dakota's sex offender registration law is frivolous.

### b.      N.D.C.C. § 12.1-20-03

The 2007 Legislative Assembly also amended N.D.C.C. § 12.1-20-03. See 2007 N.D. Sess. Laws, ch. 123, § 2 (House Bill No. 1216).  The substantive change to N.D.C.C. § 12.1-20-03 was that it provided a mandatory minimum sentence of 20 years for Moore's crime, instead of the maximum sentence of 20 years for which Moore was sentenced.  The changes did not affect the elements of Moore's offense, his trial, conviction, or sentence.  The changes simply do not affect Moore.  Any claim by Moore relating to these 2007 changes is simply baseless.

### 2.    DNA Claims

Moore now makes a fanciful argument for actual innocence based upon DNA testing.  He claims the factual predicate for his claims was not known to him until December 26, 2007, and that the limitations period should begin to run as of that date. 28 U.S.C. § 2244(d)(1)(D).  But Moore first raised DNA argument in a motion for post-conviction relief dated September 20, 2005. (Ex. 51B).  Prior to that Moore had repeatedly accepted responsibility for his crime in conjunction with various pleas for leniency. (Exs. 11A, 11B, 11C, 12).  He now rejects those statements and his trial testimony and maintains he is innocent.

The idea that a DNA test could provide a "factual predicate" for his motion is baseless.  Moore's identity was not an issue at trial.  He testified that he had sex with the victim but that the sex was consensual.  The victim identified him as her attacker.  The jury was not persuaded by Moore's version of events.

After his conviction, Moore's DNA was collected and submitted to the North Dakota Office of the Attorney General--Crime Laboratory Division.  This was done in February 2002 as required by the Judgment of conviction and N.D.C.C. § 31-13-03. (Ex. 56).  Moore appears to base his argument upon a Freedom of Information Act (FOIA) request he made to the FBI in 2005.  When the FBI could not find his DNA profile in its database Moore sued. See Moore v. National DNA Index System, No. 06-0362, 2007 U.S. Dist. Westlaw 4465550, (D.D.C. Dec. 19, 2007).  He seems to argue that since the FBI could not find his profile in the national database in 2005 that the report from the North Dakota Crime Laboratory in 2006 which resulted in a "conviction match" must have been falsified. (Exs. A and I).  What Moore fails to recognize is that if his sample was submitted through a state database as required by state law, which it was,

then the FBI would not have possessed those records.  Because of the method in which the

database catalogues the information only the agency that entered the information has the

necessary access to retrieve the DNA profile of a specific individual.  This was pointed out to

him in the order dismissing his FOIA suit.

All this is inconsequential in any case because the report which linked Moore to his

victim was generated in 2006. (Ex. A).  Moore submitted the exhibits A and I, which show he

did have sex with the victim, along with his federal habeas corpus petition.  The 2006 report was

obviously not used at his 2002 trial.  No DNA test, whatever the results, could exonerate Moore

because he testified at trial that the sexual encounter was consensual.  The entire line of

argument regarding DNA is frivolous.

### H.       Equitable Tolling

In his petition Moore claims a miscarriage of justice and actual innocence as excuses for

his failure to timely file his petition.  This would seem to be an argument for an equitable tolling

of the statute of limitations.  But, on page three of his brief he states he is not making an

argument for equitable tolling.  As Schuetzle briefed the issue the Court will briefly address it.

AEDPA itself does not provide for equitable tolling.  Equitable tolling is proper, only

when extraordinary circumstances beyond a prisoner's control make it impossible to file a

petition on time, or when conduct of the State has lulled the defendant into inaction. Kreutzer v.

Bowersox, 231 F.3d 460, 462 (8th Cir. 2000).  The burden is on the petitioner to make this

showing. Flanders v. Graves, 299 F.3d 974, 977-78 (8th Cir. 2002).  Moore has made no such

showing.  The volume of filings by Moore, both in state and federal court, demonstrate an ability

to make his voice heard.  Given his almost daily filings since his conviction there can be no

argument it would have been impossible for him to timely file his petition.  Equitable tolling is

unwarranted.

**III.     CONCLUSION**

Accordingly, Moore's petition is hereby **DISMISSED**.  Moore's numerous other motions

(docket nos. 25, 32, 33, 34) are **DENIED** as moot.

**IT IS SO ORDERED.**

Dated this 29th day of October, 2008.

/s/ *Patrick A. Conmy*_____
Patrick A. Conmy, Senior District Judge
United States District Court
