IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| Anthony Moore, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 1:08-cv-72 |
| | ) | |
| Robyn Scmalenberger, Warden, | ) | |
| North Dakota State Penitentiary, | ) | **ORDER DISMISSING MOTION** |
| | ) | |
| Respondent. | ) | |

_____

Before the Court is Moore's pro se motion pursuant to 28 U.S.C. § 2255. The motion is was filed November 18, 2011. Moore filed the motion in case number 1:08-cv-72 which is a long since closed case Moore filed in 2008 pursuant to 28 U.S.C. § 2254. Moore's § 2254 petition was dismissed as untimely. The Eighth Circuit Court of Appeals summarily affirmed the dismissal.

Moore is a hobby litigant who has been clogging the state and federal dockets with frivolous and misguided filings since his state court conviction for gross sexual imposition in 2001. He is serving a twenty-year sentence at the North Dakota State Penitentiary.

Section 2255 relief only is available to prisoners in custody pursuant to the judgment of a federal court. A § 2255 motion should be filed in the original federal criminal case. A § 2254 petition, such as the one Moore filed in 2008, is an entirely new civil case brought by a prisoner in custody pursuant to the judgment of a state court. Moore is a state prisoner, not a federal prisoner. He is serving a sentence imposed by the State of North Dakota. Moore has no federal convictions. Consequently, § 2255 relief is unavailable to Moore. In addition, it is entirely

improper and procedurally impermissible to file a § 2255 motion in a closed § 2254 case.  Moore has confused the available remedies and procedures.

Because § 2255 relief is unavailable to Moore, it is **HEREBY ORDERED** that:

1. Moore's motion is **DISMISSED.**  His motion for appointment of counsel is **DENIED.**

2. The Court certifies that an appeal from the denial of this motion may not be taken in forma pauperis because such a appeal would be frivolous and cannot be taken in good faith. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

3. Upon the entire record before the Court, dismissal of the motion is not debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings. Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983).  Therefore, a certificate of appealability will not be issued by this Court.

4. If the movant desires further review of his motion he may request issuance of a certificate of appealability by a circuit judge of the Court of Appeals for the Eighth Circuit in accordance with Tiedeman v. Benson, 122 F.3d 518, 520-22 (8th Cir. 1997).

Dated this 7th day of December, 2011.

/s/ *Patrick A. Conmy*
Patrick A. Conmy, Senior District Judge
United States District Court